[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal of a Lima Municipal Court judgment entry finding Ricardo Brown ("appellant") guilty of domestic violence, in violation of R.C. 2919.25(A). For the following reasons, we affirm that conviction.
On July 11, 1997, appellant was at home with his wife, Monica Brown. At approximately 9:00 p.m., Monica was injured, causing the left side of her head to bleed.
Neighbors found Monica laying outside her home a few minutes later. Although appellant was with her at the time, he soon left the scene. Before leaving, he denied hitting Monica.
Neighbors notified paramedics and the police. At both the scene and later at the hospital, Monica allegedly told police officers that appellant had struck her during a verbal altercation.
Police subsequently charged appellant with one count of Domestic Violence, a violation of R.C. 2919.25(A).
On October 7, 1997, a bench trial was held in the Lima Municipal Court. At the conclusion of the trial, the court found appellant guilty of the domestic violence offense. The court sentenced appellant to one hundred and eighty days in jail and fined him $1000.00.
It is from this judgment and sentence that appellant is appealing the following two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in convicting appellant of domestic violence as there was insufficient evidence to reasonably conclude that the elements of the offense had been proven beyond a reasonable doubt.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred in finding appellant guilty of domestic violence, as it was against the manifest weight of the evidence.
Both of appellant's assignments of error ask us to review the evidence produced at his trial. Therefore, we will discuss these assignments of error simultaneously.
In determining the sufficiency of the evidence, we must review the record and decide whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,273.
Additionally, we must weigh the evidence, weigh all reasonable inferences, and consider the credibility of the witnesses. See State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172,175. However, we must keep in mind that, in a bench trial, the weight to be given the evidence and the credibility of witnesses are issues generally left to the trial court. State v. DeHass (1967),10 Ohio St.2d 230, 231. Therefore, provided there is competent, credible evidence going to each element, we will not reverse a conviction unless the evidence weighs heavily against that conviction.Martin, supra, at 175 citing Tibbs v. Florida (1982), 457 U.S. 31,38; 102 S.Ct. 2211, 72 L.Ed.2d 652.
In the present case, appellant was charged with Domestic Violence pursuant to R.C. 2919.25(A). That section states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
At appellant's trial, the state produced three witnesses: Monica, a neighbor, and a police officer. Monica testified at trial that appellant had not hit her. However, both the neighbor and the police officer testified that on the night of the incident, Monica told them that appellant had hit her.
Moreover, the undisputed circumstances of the case revealed that Monica had suffered an injury to her head and was found semi-conscious outside the house. Before police could arrive, appellant left the scene and was unable to be found that night. Additionally, the hospital records reveal that besides her head injury, Monica also had a contusion on her eye. Therefore, we find sufficient evidence to sustain appellant's conviction based on these factors alone.
Furthermore, appellant argues that because his wife did not accuse him of striking her, he cannot be convicted of domestic violence. However, we find this argument meritless for two reasons.
First, in domestic violence cases, it is not uncommon for the complaining witness to change her story before trial. SeeLakewood v. Pfeifer (1991), 61 Ohio Misc.2d 704, 710. Secondly, a trial court has the sole discretion in assessing the credibility of witnesses. DeHass, supra, at 231. Clearly, when a witness recants her prior statements to police at trial, her credibility becomes an issue.
In this case, the trial court found that the evidence supported Monica's prior version of the facts and therefore, disregarded her testimony at trial. We have reviewed the record and find no error in the trial court's refusal to believe Monica's changed story at trial.
Having found sufficient evidence to support appellant's conviction, we affirm the trial court's finding. Accordingly, we overrule appellant's two assignments of error.
For the aforementioned reasons, we affirm the Lima Municipal Court judgment finding appellant guilty of domestic violence.
Judgment affirmed.
 EVANS and BRYANT, JJ., concur.